IN RE ESTATE OF DANIEL SLATTERY.
MARIE JOSEPHINE SLATTERY, APPELLEE, V. MARY MACKEY ET AL., APPELLANTS.

FILED JULY 7, 1933. No. 28573.

*Allen G. Fisher, Frank A. Barrett* and *Charles A. Fisher,* for appellants.

*A. L. Schnurr, W. E. Mumby, E. D. Crites* and *F. A. Crites,* contra.

Heard before Goss, C. J., Good, Eberly, Day and Paine, JJ., and Messmore, District Judge.

Messmore, District Judge.

This is an appeal from a decree entered in the district court for Sioux county in a will contest, wherein the court below directed a verdict against appellants, contestants below, and in favor of appellee, proponent below.

A petition was filed for the probate of the will of Daniel Slattery, deceased, in the county court of Sioux county and said will was admitted to probate in that court. On appeal a petition was filed for the probate thereof in the district court, in which court contestants objected to said petition and moved to strike the same for the reason that proponent failed to plead the testamentary capacity of the deceased at the time of making the will in question. The district court sustained said motion and permitted proponent to amend the petition by interlineation as follows: "That at the time of making, attesting and publishing of said will, said Daniel Slattery was sane, of sound and disposing mind, memory and understanding, mentally capable of making a will and testament, over the age of twenty-one years and under no restraint whatever."

One of the errors assigned on appeal to this court is that the petition for probate of the will, filed in the county court, did not contain language alleging that the testator was sane, of sound and disposing memory and understanding and mentally capable of making a will and testament, together with the fact that there was no order for notice of probate.

Contestants appeared by an attorney in fact and filed objections to the admission of the will to probate in the county court, but in no paragraph of said objections was objection made to the probate of said will on the grounds mentioned nor because the order for probate was lacking. In the district court these questions were raised for the first time by motion to strike and the court permitted proponent to amend her petition, as hereinbefore set out.

The county court is the court of original jurisdiction

in all matters pertaining to the probate of wills. Const. art. V, sec. 16.

It was held in *In re Estate of Strelow*, 117 Neb. 168, as follows: "A legatee or devisee who seeks probate of a claimed will carries the burden of alleging and proving, not only that the testator was possessed of authority and capacity to make the will, but also that the instrument is in legal form."

The place to have attacked the petition for probate was in the county court, and no doubt objections to its insufficiency would have been sustained and proponent would then have had the opportunity to amend and insert the proper allegations. However, the mental capacity of testator to make the will in question was made a direct issue by contestants and the evidence adduced was based almost entirely on the question of his mental capacity. It is a general rule that a judgment will not be reversed on the ground of an erroneous ruling that is not prejudicial to the complaining party.

Proponent offered the necessary evidence to make a *prima facie* case. Owing to the nature of contestants' answer, they were obligated to prove, to establish their case, evidence of undue influence and that the testator was not mentally competent to make the will in question.

The evidence shows that testator was the recipient of a one-fifth interest in the estate of Michael Slattery, his brother, which consisted of $108,515.72 in money and 73,000 shares of stock in a mine owned by the said Michael Slattery in Idaho at the time of his death, testator's interest to be held in trust by James Slattery, another brother of testator. Testator died January 27, 1931, leaving a will dated February 21, 1929, in which proponent, wife of testator, was named the sole devisee and legatee and executrix thereof. Proponent introduced evidence of the circumstances under which the will was made, that two wills were made at the same time and of the same nature by testator and his wife, and that at the time of making his will the testator appeared to be

in normal condition and able to transact ordinary business. Contestants, by several witnesses, showed that testator during his lifetime was addicted to the use of intoxicating liquors, that on several occasions he was said to have been in a drunken condition, that he had an appetite and fondness for intoxicating liquors and on more than one occasion he was brought into court to be dealt with for the possession of intoxicating liquors and drunkenness and was paroled by the court. However, the record is lacking in evidence to show that at the time the will was made or before, or at any time, the use of such liquors had impaired the mentality of the testator to such an extent that he did not know the character and extent of his property, the natural objects of his bounty and the purposes of his devise and bequest. There was nothing to show that the will was unfair; the brothers and sisters of testator had received an equal amount from Michael Slattery's estate, the same source from which testator had received the property devised and bequeathed under his will.

It is unnecessary to set out the evidence in detail in this opinion, for it is obvious from reading the same that it is insufficient to establish a controverted issue of fact to be submitted to the jury under the holdings of this court.

In reference to the condition of mind and as to the mental capacity of the testator to make a will, this court has established the following rule: "The mental capacity of a testator is tested by the state of his mind at the time he executed his will. In the contest of a will on the ground of incompetency, it does not necessarily follow as a matter of law from proof of temporary mental infirmities before and after the testamentary date that the jury should be permitted to pass on the state of testator's mind at that time, in absence of proof that there was then a mental disturbance." *In re Estate of Laflin,* 108 Neb. 298. See *In re Estate of Kubat,* 109 Neb. 671.

"Where a will is contested because it is alleged that

it was procured by undue influence, the burden is upon the contestants to establish by proof, or by fair inference to be drawn from facts proved, that there was undue influence, which induced the testator to dispose of his property contrary to his intention. In such a case, suspicion or supposition of undue influence is not sufficient either to require the submission of the question to the jury, or to sustain a verdict.

"If in a case contesting a will on the ground of mental incompetency and undue influence, the evidence is insufficient to sustain a verdict upon either of these issues in favor of the contestants, the trial court should withdraw these issues from the jury and direct a verdict." *In re Estate of Bayer,* 119 Neb. 191.

"Undue influence, in order to invalidate a will, must be of such character as to destroy the free agency of the testator and substitute another person's will for his own." *In re Estate of Stuckey,* 105 Neb. 641.

Objections were made to the admission of nonexpert testimony as to the mental condition of testator, which objections were in part sustained. The rule has been established in *Lamb v. Lynch,* 56 Neb. 135, as follows: "Nonexpert witnesses can be permitted to express opinions as to the sanity or insanity of a person only when they have shown other sufficient qualifications, and have stated the facts and circumstances upon which their opinion of mental condition is based."

In *Carter v. Gahagen,* 102 Neb. 404, it was held: "Where a nonexpert witness testifies to the unsoundness of mind of a testatrix, he must relate the particular acts and conduct of such testatrix upon which his conclusion is based."

We are of the opinion that the trial court adhered to the rules of evidence so announced in ruling on this line of testimony and that no error resulted therefrom.

It must be conceded that where the mental capacity exists to make a will and no undue influence is exerted, a man has the legal right to dispose of his property as

he sees fit, except as restricted by law, and it is our opinion, after reading the record and the decisions announced, that the trial court was right in directing a verdict in this case in favor of proponent. The other objections raised by contestants are without merit.

AFFIRMED.