BANKERS LIFE INSURANCE COMPANY, APPELLEE, V. THOMAS J. ARON, GUARDIAN, APPELLANT: ERIE L. STONE, APPELLEE.

273 N. W. 280

FILED JULY 9, 1937. No. 30030.

*Robert R. Hastings*, for appellant.

*John E. Mekota* and *Peterson & Devoe, contra.*

Heard before ROSE, DAY, PAINE and CARTER, JJ., and HASTINGS, MUNDAY and RINE, District Judges.

MUNDAY, District Judge.

The plaintiff filed a bill of interpleader to have the court ascertain who was entitled to the proceeds of a life insurance policy belonging to Joseph Kristufek, deceased. The proceeds were paid into court by the plaintiff.

Joseph Kristufek died November 27, 1935, leaving his widow, Tony Kristufek, him surviving. The wife has been confined in the State Hospital for Insane at Lincoln suffering from dementia præcox. The contest here is between Erie L. Stone, appellee, niece of the deceased and the beneficiary in the policy at the time of his death, and Thomas J. Aron, appellant and guardian of Tony Kristufek, the former beneficiary.

The beneficiary of the policy was changed in September, 1935, on the application of Joseph Kristufek, made on

September 20, 1935. The guardian, Aron, contends that Joseph Kristufek was of unsound mind when the application was made and the beneficiary changed. The contention of undue influence was abandoned by the appellant.

The trial court, a jury having been waived, held that the decedent was of sound mind and competent and understood the nature and effect of his acts in changing the beneficiary of his insurance, and entered judgment in favor of the appellee.

The appellant relies upon two alleged errors for reversal of this judgment: (1) That the court erred in refusing to permit the witnesses, Mrs. Anton Daniel, John G. Franta and Mrs. Julia Aebig, to express their opinion as to the condition of the mind of Joseph Kristufek in March, 1935; (2) that the judgment is not sustained by sufficient evidence.

We will consider these contentions in the order set out. The record shows that the opinions of these witnesses related to the condition of Joseph Kristufek's mind at a time about six months prior to the change of the beneficiary.

Joseph Kristufek was 48 years of age at the time of his death, and had been a harness maker at Crete, Nebraska, for many years, until he sold his business in February, 1935, and on March 29, 1935, went for treatment for tuberculosis to the Modern Woodmen of America Sanatorium at Woodmen, Colorado, where he remained until September 21, 1935, when he returned to Nebraska and spent most of the time in Lincoln.

It is a settled rule of law in this state that a nonexpert witness who is shown to have had a more or less extended and intimate acquaintance with a person may be permitted to state his opinion as to the mental condition of that person, if said condition becomes a material subject of inquiry, by giving the facts and circumstances upon which the opinion is based. *In re Estate of Wilson*, 78 Neb. 758, 111 N. W. 788; *Torske v. State*, 123 Neb. 161, 242 N. W. 408; *Kehl v. Omaha Nat. Bank*, 126 Neb. 695, 254 N. W. 397.

The question arose in this case when the opinions of non-expert witnesses were offered to show the insanity of the decedent. Such testimony was excluded by the trial court on the ground that there was not sufficient foundation shown for such testimony by any one of the witnesses. Each of the witnesses was shown to have had an acquaintance with the deceased and some conversations with the deceased, which conversations were stated before the opinions as to the condition of mind were called for. On considering these conversations, and the actions of the deceased, as related by the witnesses, most of them seem about as consistent with sanity as insanity. However, we think the opinions should have been admitted. The fact that the opinions of the witnesses related to the condition of mind of the deceased at a time which was somewhat remote to the time in question, and that the conversations and facts stated on which the opinions were based were not very persuasive of insanity, were matters that should have been taken into consideration when considering the weight to be given the opinions and the facts on which they were based. But, owing to the remoteness of the time to which the opinions as to the mental condition of Joseph Kristufek related, the exclusion of the opinions was not such a substantial error and is not so prejudicial to appellant as to require a reversal of the judgment. All the testimony as to foundation for the admission of these opinions was before the trial court and is in the bill of exceptions. Conceding the witnesses, if they had been permitted to answer, would have stated that Joseph Kristufek was of unsound mind in March, 1935, it was not such a material error to exclude such opinions, under the circumstances above set out, as to change the final judgment of the district court. This will appear more fully in the discussion of the second assignment of error.

Appellant also contends that the decree of the district court is not sustained by sufficient evidence. Many persons who came in contact with Joseph Kristufek while at the sanatorium, at about the time the change in the bene-

ficiary was made, stated that he was sane at the time. These included the notary public,. who was the record keeper and stenographer before whom the changes were made, his attending physician there, the colony secretary who had charge of the patients, and several patients at that institution. Also there were several persons who had had business transactions with the deceased before he went to the sanatorium, to the effect that he was of sound mind at that time.

Shortly before his death Joseph Kristufek came to Lincoln, and in the last of October, 1935, resided at the Lincoln Apartments, 1121 Q street. Mr. C. E. Siefert, who operates the Lincoln Apartments, conversed with Kristufek many times and on different subjects. Siefert stated that the deceased was dressed moderately and cleanly; that he always paid rent promptly; that the witness did not know of Kristufek's illness until the night he died, and that Kristufek was of sound mind and capable of transacting business while there.

The appellant, Aron, was cashier of the Crete State Bank and produced records showing business accounts of Joseph Kristufek for a period of years up to October 3, 1935. There seems to be nothing irregular in these business transactions. Mr. Aron did not state that in his opinion the deceased was of unsound mind, although he had done business with him since the spring of 1933.

· The president of another bank in Crete testified to the checking account of Joseph Kristufek in his bank from December 23, 1933, to October ·3, 1935, as a witness for appellant, and was not asked as to the mental condition of Kristufek.

It would serve no useful purpose to set out all the evidence as to the mental condition of Joseph Kristufek at the time in question. We are of the opinion that the overwhelming weight of the testimony in the record is to the effect that Joseph Kristufek was sane and competent to transact business at the time he changed his beneficiary, and the conclusion would be the same even though the

three witnesses, from whom appellant asked opinions as to the condition of mind of Kristufek, had been permitted to answer and had stated that in their opinion Kristufek was of unsound mind in March, 1935.

The burden of proof was on the appellant to show that the decedent was of unsound mind at the time of the application for and the change of his beneficiary in his life insurance policy. This burden he has failed to sustain.

The judgment of the district court should be, and is

AFFIRMED.

MUNDAY, District Judge.

By stipulation of parties it is agreed, and by the court hereby ordered, that the foregoing opinion shall be deemed governing and controlling in Midwest Life Insurance Co. v. Aron; Western Bohemian Fraternal Association v. Stone; Modern Woodmen of America v. Stone; and judgment of affirmance be entered accordingly.