IN RE ESTATE OF MARGARET INDA.
JEANNE V. INDA DODSON ET AL., APPELLANTS, V. LOUIS J. INDA ET AL., APPELLEES.
19 N. W. 2d 37

FILED MAY 25, 1945. No. 31773.

*Paul J. Garrotto* and *Oscar T. Doerr*, for appellants.

*Grenville P. North*, for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CHAPPELL, J.

Petition for probate of the will of Margaret Inda, deceased, was filed in the county court of Douglas county. Louis J. Inda, a son, and Helen M. Shattuck, a daughter of the deceased, filed objections that the testatrix did not possess testamentary capacity to make a will, and that its execution was obtained by undue influence. The will which devised the small estate of deceased to two sons, George S. Inda and Frank A. Inda, was admitted to probate in the county court. Contestants appealed to the district court. There, by stipulation, the case was tried to a jury upon the same pleadings as filed in the county court. However, the trial court appointed a guardian ad litem, for a daughter who was admittedly incompetent and he answered in her behalf.

The jury returned a verdict finding for contestants, upon which the trial court entered its judgment that the will was not the last will and testament of deceased. Motion for new trial was overruled. Proponents, beneficiaries under the will, and the executrix designated in the will, appealed to this court, assigning as error, substantially: (1) That inflammatory remarks were made to the jury by counsel for contestants which were prejudicial; (2) that the trial court erred in the admissions of evidence; and (3) erred in its instructions to the jury. We find that the first contention is without merit, but that the two latter should be sustained.

With reference to the first assignment, we find that the alleged inflammatory statements made by counsel for contestants were not taken by the court reporter and no objections were made thereto upon which the court could make a ruling. Further, no request was made for a mistrial. Counsel for proponents in support of motion for new trial did file an affidavit that certain remarks alleged to be inflammatory were made to the jury in the opening statement by counsel for contestants. This court has only recently held: "Alleged misconduct of counsel in argument to jury cannot be properly shown by affidavit, and to preserve such error the statements must be taken by the official court

reporter at the trial, together with the objections made thereto and the court's ruling thereon.

"One may not complain of the misconduct of counsel if, with knowledge of such misconduct, he does not ask for a mistrial, but consents to take the chances of a favorable verdict." *In re Estate of House,* 145 Neb. 670, 17 N. W. 2d 883. That case is directly in point here and disposes of the first assignment of error.

Complaint is made that instruction No. 2 given by the trial court was incomplete and prejudicial to proponents' rights. It is conceded that the instruction properly placed the burden of proof upon the proponents with reference to testamentary capacity. However, it is contended that the instruction being in the negative created a wrongful inference that proponents were also required to show by a preponderance of the evidence that the testator was not unduly influenced to make the will. With this we agree. It appears from the record that no instruction whatever was given by the court affirmatively placing the burden of proof upon contestants to prove the alleged undue influence. That the burden on this issue affirmatively rested upon them cannot be questioned. *In re Estate of Hagan,* 143 Neb. 459, 9 N. W. 2d 794; *In re Estate of Heineman,* 144 Neb. 442, 13 N. W. 2d 569. The rule in this jurisdiction is that, "It is the duty of the court to instruct the jury upon the issues presented by the pleadings and the evidence, whether requested so to do or not." *In re Estate of Keup,* 145 Neb. 729, 18 N. W. 2d 63. We find that the instruction did not properly and fully present the issues to the jury and under the circumstances was erroneous and prejudicial to proponents' rights, which requires a reversal of the judgment.

Although the case must be reversed for the reason just given, there are other matters which require discussion. True, the proponents did not formally assign as error in the brief that the verdict and judgment are not sustained by, or are contrary to, the law and the evidence. These contentions do, however, appear in their motion for new trial and are argued at length in brief of counsel. In the situa-

tion presented we deem it necessary to take cognizance of errors fatal to a just and lawful conclusion of the case, and do so in conformity with section 25-1919, R. S. 1943, and amended rules of this court on preparation of brief, Rule 14, a 2 (4). See, also, *Hamaker v. Patrick*, 123 Neb. 809, 244 N. W. 420; *American State Bank of Springfield v. Phelps*, 120 Neb. 370, 232 N. W. 612.

Therefore, we refer again to the issues of undue influence and testamentary capacity which we have recently discussed at length in similar cases. In those cases we held: "Undue influence, in order to invalidate a will, must be of such character as to destroy the free agency of the testator and substitute another person's will for his own." *In re Estate of Bowman*, 143 Neb. 440, 9 N. W. 2d 801. "The elements necessary to be established to warrant the rejection of a will on the ground of undue influence are (1) that the testator was subject to such influence; (2) that the opportunity to exercise it existed; (3) that there was a disposition to exercise it; (4) that the result appears to be the effect of such influence." *In re Estate of Keup, supra*. See, also, *In re Estate of Witte*, 145 Neb. 295, 16 N. W. 2d 203. "Undue influence cannot be inferred alone from motive or opportunity. There must be some evidence, direct or circumstantial, to show that undue influence not only existed, but that it was exercised at the very time the will was executed." *In re Estate of Heineman, supra*. "The burden of proving that the will resulted from undue influence is on the contestants, and the mere suspicion of undue influence on testatrix is insufficient to require submission of the question to the jury." *In re Estate of Alton*, 128 Neb. 411, 258 N. W. 871. See, also, *In re Estate of Kajewski*, 134 Neb. 485, 279 N. W. 185.

Bearing these rules in mind, we have examined the record and find that it discloses no competent evidence whatever supporting contestants' allegations that the execution of the will was procured by undue influence. We conclude that the trial court should not have submitted that issue to the jury but should have directed a verdict for proponents thereon.

In connection with the question of testamentary capacity, it is the rule that, "A person who understands the nature of his acts, the extent of his property, the proposed disposition of it, and the natural objects of his bounty, is competent to make a will." *In re Estate of Witte, supra.* "It is not medical soundness of mind that governs, but testamentary capacity as defined in law. A high degree of mentality is not required to make a valid will, in case it is found to be free from undue influence." *In re Estate of Frazier,* 131 Neb. 61, 267 N. W. 181. The question of testamentary capacity relates exclusively to the time when the will was made, and although competent evidence of the testator's condition of mind long before, closely approaching, and shortly after the time of its execution is admissible, it is received only to assist in revealing his state of mind at that time. *In re Estate of Winch,* 84 Neb. 251, 121 N. W. 116. In this connection the instructions to the jury "should confine the consideration of mental capacity to the testator's condition at the time of the execution of the will, and require the disregarding of capacity at other times, except so far as it bears on capacity at the time of the execution of the will." 68 C. J., sec. 932, p. 1112.

It is the settled rule of law in this state that, "A nonexpert witness who is shown to have had a more or less intimate acquaintance with a person may be permitted to state his opinion as to the mental condition of that person, if said condition becomes a material subject of inquiry, by giving the facts and circumstances upon which the opinion is based." *In re Estate of Witte, supra.* However, it must follow that the facts and circumstances testified to by the witness shall be sufficient as a foundation upon which to base an opinion. It was said in the opinion last cited, " * * * it must appear that the witness in giving his or her opinion as to mental capacity must have in mind the quality of mental capacity essential to the making of a valid will, that is whether or not the testator understood the nature of the acts, knew the extent of the property, understood the proposed disposition, and knew the objects of the bounty."

The burden is on the proponent of a will, both in the county court and in the district court on appeal, to prove the execution of the will, and the testamentary capacity of the testator. However, if the proponent makes a *prima facie* case as to testamentary capacity it then devolves upon the contestant to overcome the presumption arising therefrom after which the burden of going ahead and proving testamentary capacity by a preponderance of the evidence devolves upon the proponent. See *In re Estate of Keup, supra;* and *In re Estate of Witte, supra.*

We have held: "In order that a will may be rejected on the ground of incompetency of the testator the evidence of the objector must be sufficient to sustain a reasonable inference that the testator was incompetent to make a will." *In re Estate of Witte, supra.* Courts must give effect to the rule that the mental capacity of a testator is tested by the state of his mind at the time he executed the will. Therefore, "In the contest of a will on the ground of incompetency, it does not necessarily follow as a matter of law from proof of temporary mental infirmities before and after the testamentary date that the jury should be permitted to pass on the state of testator's mind at that time, in absence of proof that there was then a mental disturbance." *In re Estate of Laflin,* 108 Neb. 298, 187 N. W. 885. See, also, *In re Estate of Slattery,* 125 Neb. 194, 249 N. W. 597.

In the case at bar proponents made a prima facie case with four witnesses. One of them was a lawyer, a friend of the family for 20 years, who drew the will, signed as a witness, and attended to the preparation and execution of the instrument at the request of the deceased. The others were: A daughter-in-law, who saw the deceased on the day, the very hour, the will was executed, and almost daily for two years prior thereto; a next-door neighbor who saw and visited with deceased almost every day including the day, the very hour, that the will was executed; and the attending physician, who had treated deceased for chronic asthma for some time and was present in her home when the will was executed. He was also a witness to the will. These wit-

nesses clearly established a prima facie case of execution of the will and testamentary capacity in conformity with all rules of law relating thereto.

The contestants then adduced their evidence, most of which had no relation whatever to the issues of testamentary capacity or undue influence. A great part of their evidence was remote, immaterial, irrelevant, and highly prejudicial. In view of the fact that other disposition is made of the case we do not deem it necessary to discuss such matters at length. To repeat the details thereof in this opinion would serve no good purpose. An observance of rules set forth herein will remedy such matters if there is another trial of this case.

There is no medical evidence in the record supporting testamentary incapacity. Contestants offered none that was admissible. Only two witnesses, the contestants, who were a daughter and a son of deceased, offered any evidence touching testamentary incapacity. Their evidence was not sufficient to sustain any reasonable inference that the testator was incompetent at the time she made the will. It does not appear that either of them in giving their opinions had in mind the quality of mental capacity essential to the making of a will. They adduced no competent evidence which negatived any one or more of the four requirements for mental capacity to make a will.

Nevertheless, after contestants had rested the proponents adduced further evidence by three other witnesses: A physician, who at intervals had treated the testatrix for chronic asthma over many years prior to July 25, 1941, testified that deceased was mentally competent in every respect up until the last time he saw her on that date. A married daughter of deceased, the executrix designated in the will, who lived in the home with the testatrix, testified that the mother was ill from asthma but mentally alert and competent at all times until forty-eight hours before her death on October 9, 1942. A son, Dr. Frank Inda, who is a physician and teacher of pathology at the Medical College, University of Nebraska, testified that he saw his mother often

from July, 1942, until her death, and that she was ill from chronic asthma but mentally alert and competent during all that period. From an examination of the record and applicable law we conclude that the trial court should not have submitted the issue of testamentary capacity to the jury but should have directed a verdict for proponents thereon.

The applicable rule upon both issues presented in this case is that, "If in a case contesting a will on the ground of mental incompetency and undue influence, the evidence is insufficient to sustain a verdict upon either of these issues in favor of the contestants, the trial court should withdraw these issues from the jury and direct a verdict." *In re Estate of Slattery, supra.* This is the rule because "It is the duty of trial courts to determine the issues upon which there is competent evidence and submit them, and them only, to the jury. The submission of issues upon which the evidence is insufficient to sustain an affirmative finding is generally very prejudicial and invariably results in a second trial." *Johnson v. Anoka-Butte Lumber Co.,* 141 Neb. 851, 5 N. W. 2d 114. See, also, *In re Estate of Witte, supra.*

For the reasons stated herein the judgment is reversed and the cause remanded for further proceedings.

REVERSED, FOR FURTHER PROCEEDINGS.