IN RE ESTATE OF JOHN H. JOHNSEN, DECEASED. FRANCES JOHNSEN, APPELLEE, V. HARRY PETERSEN, EXECUTOR OF THE ESTATE OF JOHN H. JOHNSEN, DECEASED, APPELLANT.

30 N. W. 2d 70

Filed December 5, 1947.    No. 32288.

*Frank V. Lawson* and *Gray & Brumbaugh,* for appellant.

*Wear, Boland & Nye, Edward F. Leary,* and *T. P. Leary,* for appellee.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and LANDIS, District Judge.

YEAGER, J.

This is an appeal from a verdict and judgment of the district court for Douglas County, Nebraska, denying

the probate of the last will and testament of John H. Johnsen, deceased. The appeal was taken by Harry Petersen, proponent and executor named in the will. The appellee herein is Frances Johnsen, contestant, and daughter of the deceased John H. Johnsen.

The pertinent facts upon which the proceeding depends are that on February 8, 1946, John H. Johnsen, now deceased, made and executed in due form a last will and testament whereby he purported to make final disposition of his estate in case of death, which estate consisted of real estate of about the value of $20,000 and personal property of about the value of $1,000. By the will, after making provisions for funeral expenses, administration expense, the payment of debts of deceased, for gravestone, and burial place upkeep, the estate was bequeathed, $5 to Frances Johnsen, appellee, and the balance share and share alike to Christian Schnor, Anna Jacobsen, Johanne Jensen, and Severine Ulstrup. Frances Johnsen is the daughter of deceased and the other four named persons are a brother and three sisters of deceased. Frances Johnsen is a resident of Omaha, Nebraska. The brother and sisters are residents of Denmark. The deceased left surviving him no wife and no other children.

On February 27, 1946, John H. Johnsen died in Omaha, Nebraska. The next day a petition for probate of the will was filed in the county court of Douglas County, Nebraska, with Harry Petersen, the executor named in the will, as proponent.

Frances Johnsen filed objections to the probate of the will on the ground, among others, that John H. Johnsen did not have sufficient mental capacity to make or execute the instrument as his last will and testament. The other grounds do not require mention herein.

The will was admitted to probate by the county court. Thereafter the contestant took an appeal to the district court where the issue of whether or not deceased had sufficient mental capacity to make the will was tried to a jury. The cause was tried in the district

court, by stipulation, on the pleadings which were filed in the county court.

The jury returned a verdict in favor of contestant, that is, by the verdict of the jury, probate of the will was denied. Judgment was entered by the court on the verdict. Thereafter the proponent filed a motion for a new trial which motion was overruled.

From the verdict, the judgment, and the order overruling the motion for a new trial the proponent has taken an appeal.

The assignments of error urged by appellant as grounds for reversal are numerous but in the view taken of the record as it comes here for review it is deemed necessary to discuss only those the purport of which are to challenge the propriety of the trial court in submitting to a jury the issue of the testator's mental competency to make a will. The competency of John H. Johnsen to make a will was the only issue at the trial on appeal to the district court.

In this connection appellant urges that the court erred in submitting the issue of competency to make a will since the evidence was not sufficient to sustain a verdict in favor of the contestant.

In a contest of a will based on objection that the testator was mentally incompetent to make a will the burden devolves upon the proponent to make a prima facie case that the testator was mentally competent to make a will. The burden then devolves on the contestant to produce sufficient evidence to support a contrary finding by a jury. If the contestant fails in this respect there is no question to submit to a jury. In re Estate of Bayer, 119 Neb. 191, 227 N. W. 928; In re Estate of Slattery, 125 Neb. 194, 249 N. W. 597; In re Estate of Frazier, 131 Neb. 61, 267 N. W. 181; In re Estate of Thomason, 144 Neb. 300, 13 N. W. 2d 141; In re Estate of Witte, 145 Neb. 295, 16 N. W. 2d 203.

Specifically in this case the original burden was upon the proponent to show prima facie that the deceased

herein executed the will in due form according to law, that he knew the extent of his property, that he understood the nature of his act in making the will, that he understood the disposition he was making of his property, and that he knew the natural objects of his bounty. Spier v. Spier, 99 Neb. 853, 157 N. W. 1014; In re Estate of Kubat, 109 Neb. 671, 192 N. W. 202; In re Estate of Kajewski, 134 Neb. 485, 279 N. W. 185; In re Estate of Bose, 136 Neb. 156, 285 N. W. 319; In re Estate of Hagan, 143 Neb. 459, 9 N. W. 2d 794; In re Estate of Witte, *supra*.

That the proponent herein sustained this burden there can be no question. The appellee does not contend otherwise.

The burden then devolved upon the contestant to adduce sufficient competent evidence to negative one or more of the elements essential to mental competency to make a valid will. In re Estate of Witte, *supra*.

The effort of the contestant to negative these essential elements of mental competency to make a valid will was made by the introduction of lay witnesses and of having such witnesses express their respective opinions as to mental competency in this respect.

This was done agreeable to well-established rules of law. This court has said: "It is a settled rule of law in this state that a nonexpert witness who is shown to have had a more or less extended and intimate acquaintance with a person may be permitted to state his opinion as to the mental condition of that person, if said condition becomes a material subject of inquiry, by giving the facts and circumstances upon which the opinion is based." Bankers Life Ins. Co. v. Aron, 133 Neb. 187, 273 N. W. 280. See, also, In re Estate of Wilson, 78 Neb. 758, 111 N. W. 788; Torske v. State, 123 Neb. 161, 242 N. W. 408; Kehl v. Omaha Nat. Bank, 126 Neb. 695, 254 N. W. 397; In re Estate of Witte, *supra*.

Another rule which must also be observed in such cases is that the facts and circumstances testified to by

the witness must be sufficient upon which to base an opinion, that is, the facts testified to must be sufficient upon which to base an opinion or to draw an inference that the deceased person lacked mental capacity to make a valid will. In re Estate of Witte, *supra*.

Bearing in mind these rules it becomes necessary to examine and evaluate the evidence adduced by the appellee. The only evidence so adduced was the testimony of three lay witnesses. The witnesses were the appellee, Laurence Fredricksen, an attorney, and Julia Decker, a former employee of the deceased. Two of these witnesses gave it as his or her opinion that the deceased was mentally incompetent to make a will.

Taking the witnesses in the reverse of the order named, a résumé of the testimony of Julia Decker shows that she had known the deceased for about 30 years; that she went to work for him in about 1942; that she worked for him intermittently for about two years; that deceased was sick but could work; that he was badly crippled but could get around, at some times better than at other times; that she did not know how he took care of his business; that he could not talk sense; that he wanted her to keep house for him; that he was a man not very pleasant to be around; that he was very careless about himself. This witness gave no opinion as to the mental competency of deceased to make a will. There are other details of fact relating to the relationship of the witness with the deceased but they are of no value on the question of mental competency.

A résumé of the pertinent part of the testimony of Laurence Fredricksen is that he is an attorney at law practicing in Omaha, Nebraska; he had known deceased since about 1909; he had some social contacts with deceased over the years since; John Berger, now deceased, was attorney for John H. Johnsen; Berger became ill and the witness became associate attorney for Johnsen; these attorneys brought suit against the appellee herein on behalf of the deceased for $6,000; the witness saw

deceased frequently, about once each week, in his office for quite some time before his death; they discussed legal matters; deceased was in ill health and told the witness that he had progressive arthritis and Bright's disease; he walked in a stooped or forward position with a cane; his memory was bad and he could not collect his ideas and had difficulties in understanding lawsuits and proceedings. However, nothing in point of fact was recited in this connection except that the witness repeatedly explained matters and deceased asked personally and by telephone for further explanation. He further testified in substance that deceased was nearsighted and partly blind in one eye; that deceased asked the witness to draw a will for him like the one before this court in this proceeding; that he wanted to give his daughter $5 and the balance to his brother and sisters in Denmark; that deceased did not know if the brother and sisters were alive or not since he had not heard from them for about 35 years; that the witness did not draw a will but told deceased that his frame of mind should be altered because it had been poisoned and polluted against the family for a long time by others. A résumé of all details pertaining to the relations of this witness with the deceased has not been set forth but we think all that is pertinent in determining whether or not the foundation was sufficient to permit the witness to give an opinion as to the mental competency of deceased to make a will has been stated. The witness was permitted to and did testify that in his opinion the deceased was mentally incapable of making a will.

The appellee testified in her own behalf and was permitted to give her opinion as to the mental competency of her father to make a will.

No useful purpose would be served by repainting here the picture this witness has painted in her testimony of the sordid relationship existing between her and her father attributable as she testified to an unreasoning and unreasonable attitude which obtained in him from

the time she was about 16 years of age. Suffice it to say that, though she gave it as her opinion that he was mentally incompetent to make a valid will, no fact was testified to by her from which an inference could be drawn that he did not understand the nature of his act in making the will, that he did not know the extent of his property, that he did not understand the proposed disposition of his estate, or that he did not know the natural objects of his bounty.

Weighed by the rules applied to the testimony of the appellee we are required to come to the same conclusion with regard to the opinion expressed by the witness Fredricksen as we have arrived at with regard to the opinion of the appellee.

The evidence of the appellee in its entirety, weighed in the light of the burden which rests on a contestant to overcome the presumption arising out of the prima facie case made by the proponents of a will, we conclude was insufficient to justify a submission to the jury of the question of the mental capacity of John H. Johnsen, deceased, to make a valid will.

The facts as testified to by the witnesses for the appellant are of no aid to appellee. The facts as testified to by these witnesses disclose that John H. Johnsen was badly crippled, that he was diseased in body but not in mind, that he was a constant sufferer from his ailments, but nothing is therein contained from which a reasonable inference could flow that he lacked, within the meaning of the legal principles herein announced, the mental capacity to make a valid will.

We therefore conclude that the district court erred in submitting the mental competency of the deceased to a jury. A verdict should have been directed in favor of appellant.

The cause is reversed and remanded to the district court for further proceedings.

REVERSED AND REMANDED.