In re Estate of Lincoln Clarence Applegate, deceased.
Mary E. Brown, appellee, v. Emily S. Applegate,
appellant.

89 N. W. 2d 233

Filed April 11, 1958. No. 34313.

*Evans & Kelley,* for appellant.

*Baskins & Baskins,* for appellee.

Heard before Simmons, C. J., Carter, Messmore, Yeager, Chappell, Wenke, and Boslaugh, JJ.

CARTER, J.

This is an appeal from a judgment of the district court affirming an order of the county court admitting the will of Lincoln Clarence Applegate to probate. The objector, Emily S. Applegate, has appealed.

A petition for the probate of the will of Lincoln Clarence Applegate was filed in the county court of Lincoln County on November 3, 1956. Objections to the probate of the will were filed by Emily S. Applegate on November 27, 1956. The will was admitted to probate by the county court on April 17, 1957, after notice and hearing. By stipulation of the parties the case was tried on appeal on the pleadings filed in the county court.

It was stipulated by the parties that the deceased died on September 7, 1956, and was a resident of Lincoln County at the time of his death. He was a single man at the time of his death, and had never been married. It was stipulated, also, that Emily S. Applegate, the objector, was the mother of the deceased and his sole heir at law. In addition to his mother, deceased left surviving him three brothers and four sisters, one of whom is the petitioner. Three sisters and one brother were or had been married and had a total of 14 children who were, of course, nieces and nephews of the deceased. The remaining brothers and sister had never married. It was further stipulated that deceased left surviving more distant relatives than those above enumerated. The real estate owned by the deceased and the value of the personal property left by him was likewise stipulated.

No testimony was taken in the district court. The evidence of the two witnesses to the will as given in the county court was admitted in evidence by stipulation. At the close of the evidence the parties stipulated that the purported will of the deceased was properly executed according to law, that deceased was mentally competent at the time of its execution, and that there was no un-

due influence or duress practiced upon the deceased at or before the execution of the will.

It is the contention of the objector that an instrument, testamentary in form, which fails to make a valid disposition of property or to name a devisee or legatee capable of taking under it, is not entitled to be admitted to probate, and that the present will falls within this rule. On the other hand, the petitioner contends that when the provisions of a will are subject to construction, it will be presumed that the testator intended to make a valid disposition of his property and that it is for the courts, after a will has been admitted to probate, to determine questions of construction and legal effect of a will, and the validity of particular provisions, bequests, and devises.

The will provided that all of the property of the deceased was given to Mary E. Brown and Ellen Ruth Applegate in trust for the uses and purposes provided in the will, with full power and authority to sell the property as soon after the death of the testator as it is practicable to do so. The will contained no residuary clause. The provisions of the will giving rise to the respective contentions of the parties, and the only provisions in the will purporting to make a disposition of the property of the deceased, provide:

"Upon the sale and disposition of my property as hereinabove directed, I direct that the proceeds therefrom, together with all monies belonging to my estate, be held by my said sisters Mary E. Brown and Ellen Ruth Applegate in trust for the use, benefit, comfort and maintenance of my nieces and nephews and such others of my relatives as may in the discretion of my said sisters warrant and require financial aid and assistance; and I hereby give full power and authority to my said sisters to invest all of the monies and proceeds of my estate and to expend the interest accumulated from such proceeds, investments and funds for the purposes and uses as herein set forth.

"It is my intention that upon my death my entire estate be reduced to money as promptly and profitably as possible and such funds invested by my trustees named herein, the income and interest therefrom to be used for the benefit of such of my relatives as may require financial aid and assistance."

The county court has exclusive jurisdiction to probate a will. The probate of a will has been defined to be the proof before an officer authorized by law that an instrument offered to be proved or recorded is the last will and testament of the deceased person whose testamentary act it is alleged to be. It necessarily includes proof that the instrument purporting to be a will has been signed by the testator in the presence of at least two witnesses, who at his request signed the same as witnesses, as the statute requires; and that the testator, at the time of the execution thereof, was of sound mind. Walker v. Ehresman, 79 Neb. 775, 113 N. W. 218; Higgins v. Vandeveer, 85 Neb. 89, 122 N. W. 843; In re Estate of Renter, 148 Neb. 776, 29 N. W. 2d 466. It stands to reason, however, that a probate court is not required to admit to probate every instrument which may have been executed in the ceremonial form required of a will. The instrument must purport to be a will. It must purport to make a testamentary disposition of some property. It must purport to designate an ascertainable person or class of persons as beneficiaries. But generally speaking, a probate court is without jurisdiction, in admitting a will to probate, to construe its legal effect. Higgins v. Vandeveer, *supra*.

The right to dispose of property by will at death is favored by the law; it is a valuable right which will be sustained whenever possible. It is the policy of the law to uphold devises and bequests and, if possible, to enforce them consistently with rules of law. A will should not be invalidated except for compelling reasons. Provisions of a will repugnant to law or against public policy are void, and provisions which are impossible of

fulfillment are inoperative. But the valid portions of a will are to be carried out in accordance with the intentions of the testator as gleaned from the four corners of the will, even though it results in a partial intestacy of the deceased's estate.

The construction of a will is generally a matter for the courts to determine after the instrument has been admitted to probate. Unless it appears from the will itself, without the necessity of applying rules of construction, that a purported will is completely abortive, it should be admitted to probate. The probate court, however, has no power to determine questions relating to the construction or interpretation and legal effect of a will, or to the validity and effect of particular provisions, bequests, and devises, as between interested parties, although it has a limited power to do so for the purpose of advising an executor or administrator in order to expedite the administration of the estate. But the power of the county court to construe a will, incidental to its administration in that court, is not binding in controversies between an executor or administrator and one claiming adversely to the estate, or between adverse claimants under the will. These rules were made clear in the recent case of Lutcavish v. Eaton, *ante* p. 268, 89 N. W. 2d 44.

The objector relies upon the case of In re Estate of Strelow, 117 Neb. 168, 220 N. W. 251, wherein it is said: "Hence, a legatee or devisee who seeks probate of a claimed will carries the burden of alleging and proving, not only that the testator was possessed of authority and capacity to make the will, but also that the instrument is in legal form, and that he as such legatee or devisee, under the law as well as under the will, is entitled to the legacy or devise." We disapprove that part of the foregoing statement which requires that a devisee or legatee must allege and prove, in order to obtain the admission of a will to probate, "that he as such legatee or devisee, under the law as well as under the will, is entitled to the legacy or devise." This, for the reason that

it has the effect of requiring a construction of the will, the jurisdiction for the determination of which is in the district court insofar as the rights of the legatee or devisee are concerned. A further reason is that the construction of a will, whether by the district court or the limited purposes for which a probate court may construe it, is for disposition after the admission of the will to probate. It is noteworthy, we think, that in the four cases in which this rule in the Strelow case is cited, the portion which we now disapprove was not included, and by inference disapproved. See, In re Estate of Slattery, 125 Neb. 194, 249 N. W. 597; In re Estate of Wotke, 133 Neb. 739, 277 N. W. 45; In re Estate of Witte, 145 Neb. 295, 16 N. W. 2d 203; In re Estate of Lodge, 123 Neb. 531, 243 N. W. 781.

An examination of the provisions of the will, which we have heretofore quoted, presents questions of construction and interpretation, and questions as to validity of particular provisions, bequests, and devises, particularly as they bear upon the trust purported to have been created by the will. It is contended that the purported trust is void because the beneficiaries thereof are of an undeterminable class because of the inclusion of the term "relatives." It is urged that the provisions violate the rule against perpetuities. It is also urged that the trust is invalid because of a failure of the testator to dispose of the remainder of the trust property after the termination of the uses and purposes of the trust. These are matters for determination after the will has been admitted to probate, even if it appears that it may be subsequently adjudicated that the purported will fails to validly dispose of any property of the estate of the deceased. They are matters which the county court could not properly consider in determining whether or not the will should be admitted to probate. Neither the district court, nor this court, has any greater authority on appeal than the court of original jurisdiction in dealing with the admissibility of the will for probate. The

will is not one from which it can be determined upon its face, without applying rules of construction, that it fails to make a valid disposition of the property of the deceased, or a part thereof. The will was, therefore, properly admitted to probate.

The district court having arrived at the same conclusion, the order of the district court admitting the will to probate is affirmed.

AFFIRMED.

SIMMONS, C. J., dissenting.

I dissent insofar as this case rests upon and involves Lutcavish v. Eaton, *ante* p. 268, 89 N. W. 2d 44, and for the reasons given in my dissent there.