## Ashland Land & Live-Stock Company v. Alfred May.

FILED MARCH 7, 1900.   No. 10,158.

1. **Evidence: VERDICT.**  Evidence examined, and found to support the verdict.

2. **Misconduct of Counsel: NEW TRIAL.**  Where there is reason to believe that the jury may have been influenced in any degree in favor of the prevailing party by the misconduct of his counsel in arguing the cause, the verdict should be set aside and a new trial awarded.

3. **Irregular Methods.**  A litigant should not be permitted to hold any advantage obtained by the employment of lawless or irregular methods during the trial, or in connection therewith.

4. **Misconduct not Prejudicial.**  Where it is evident that the misconduct of the successful party has not been prejudicial, a judgment in his favor will not be reversed for that reason alone.

ERROR to the district court of Saunders county. Tried below before BATES, J.   *Affirmed.*

*Simpson & Sornborger,* for the plaintiff in error, argued that they did not understand the rule to be that, because the verdict might be sustained by sufficient evidence, counsel might resort to the method pursued in this case for the purpose of insuring success.  See *Cleveland Paper Co. v. Banks,* 15 Nebr., 20; *Ashland Land & Live-Stock Co. v. May,* 51 Nebr., 474.   They understand the rule on this subject to be that, if the matter stated to the jury was not such as might be proven on the trial, it was misconduct.   See *Stratton v. Nye,* 45 Nebr., 619; Thompson, Trials, sec. 263; *Scripps v. Reilly,* 35 Mich., 371.

*O. C. Tarpenning, contra.*

SULLIVAN, J.

This proceeding in error brings up for review a judgment of the district court in favor of Alfred May and

against the Ashland Land & Live-Stock Company. The action was brought for services alleged to have been rendered under a contract of hiring. The defendant is the owner of a stock ranch in Saunders county, where the plaintiff was employed in some capacity for about fourteen months. The plaintiff claims he was acting as manager and veterinarian, while the defendant insists that he was merely doing chores and other light work for his board. The jury decided in favor of May, and the first reason assigned for the reversal of the judgment is that the verdict is not supported by sufficient evidence. It is expressly conceded by counsel for the company that the jury were justified in finding that the contract alleged in the petition was in fact made, but they deny that the plaintiff proved performance. We think there is no lack of proof upon this point. The defendant repeatedly admitted that May was in its employ and doing good work. On one occasion it referred to him in a business advertisement as its manager, and in the same connection made some laudatory allusion to his skill as a practitioner of veterinary medicine and surgery. There was also produced at the trial some letters written by the company which tended strongly to support the plaintiff's claim. At one time the defendant, as an evidence of its satisfaction with May's work, and as an especial mark of confidence and token of esteem, sent him "two gallons of the best," with cautionary instructions as to its use. Everything considered, there is, we think, no very cogent reason for supposing that the jury erred in their conclusion; and, without any serious misgivings on our part, their finding is approved.

The only other assignment of error discussed in the briefs of counsel is that relating to the alleged misconduct of Mr. Tarpenning, attorney for the plaintiff. He remarked to the jury in his opening statement that there had been other trials of this cause, and that "the defendant had to appeal every time." In his closing argument he called attention to some evidence that had been

excluded, and said it was true. ·He also denounced with considerable vehemence the conduct of opposing counsel in making too frequent objections to the introduction of evidence.    Each of these statements was objected to, and each was distinctly disapproved by the court.    It is true that the judicial reproof was not as pronounced and decisive as it ought to have been, but it was doubt-less sufficient to indicate to the jury that the objection-able remarks were condemned and should pass un-heeded.    We have little patience with counsel who delib-erately seek to achieve success by lawless methods; and we do not hesitate, in any case, to deprive them of ad-vantages thus obtained.    In the performance of pro-fessional duties, counsel should endeavor always to con-form their own conduct to the law which they have been commissioned to assist in administering.

When this case was here before (*Ashland Land & Live-Stock Co. v. May*, 51 Nebr., 474) a judgment in favor of the plaintiff was set aside because of the pernicious tactics of his counsel; and we would certainly reverse the judgment now under review, if there were reason to suppose that the jury were at all influenced in giving their verdict by the statements in question.    We are of the opinion that they were not so influenced, and being satisfied now, as in the former proceeding, that the ver-dict rests upon sufficient evidence, the judgment will be

AFFIRMED.