KATRENA JOHNSON, APPELLANT, V. NELS P. JENSEN, APPELLEE.

FILED FEBRUARY 6, 1929.   No. 26582.

*Lewis C. Paulson,* for appellant.

*C. P. Anderbery, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

DEAN, J.

This action was begun in Kearney county by Mrs. Katrena Johnson, plaintiff, against Nels P. Jensen, defendant, to recover $1,500 for permanent injuries which she alleges she

(1)

sustained because of defendant's negligence in driving his automobile over her left foot when she was standing on a street corner in Minden. She also alleges that by the impact she was severely injured and permanently disabled "in her side and back" and that she still suffers great and intense pain in her foot. The action has been twice tried to separate juries and at the close of each trial a verdict was returned for the defendant. When the second trial was concluded the action was dismissed. May 10, 1928, the plaintiff appealed.

Plaintiff's main contention has to do with alleged misconduct on the part of defendant's counsel, in that, on the cross-examination, he propounded questions to some of the plaintiff's witnesses that are not pertinent but were clearly calculated to prejudice the jurors against her. She also contends that defendant's counsel in his argument repeatedly went outside of the record and used language that was not warranted by the evidence and could not have failed to prejudice the minds of the jurors against her.

It is alleged that reference was continuously made by defendant's counsel to a disagreement locally designated as the "Copenhagen row" which arose between residents of a certain neighborhood over the opening of a thoroughfare known as Nance street. In this behalf an effort was made by defendant's counsel, on the cross-examination of plaintiff's witness George N. Youngson, a former mayor, to show that he had considerable difficulty, as mayor, with plaintiff and her friend Mrs. Long. On his cross-examination, Mr. Youngson testified:

"Q. While you were mayor you had considerable trouble with this (these) people, didn't you, Mr. Youngson? A. Yes. Q. They pestered you pretty nearly all the time, didn't they? A. Well, there was both sides pestering us. Q. Sometimes when Mrs. Long and Mrs. Johnson came down to your store there you about dodged down into the basement to get away from them, didn't you? Mr. Paulson: We object to that as improper cross-examination. Sustained. Exception. Q. The fact is you didn't care to talk

with them? Mr. Paulson: Objected to as incompetent and improper cross-examination. Sustained. Exception. Q. The fact is that you didn't care to visit with them because of their reputation in that community—isn't that right? A. Well, I wouldn't say that. I didn't care to be bothered about the road business down there; that's all. Q. But you didn't care to be bothered with them? Mr. Paulson: Objected to as improper cross-examination. Sustained. Exception. Q. Isn't it a fact that their reputation was such in that community that you did not care to have them around your store and place of business? Mr. Paulson: Objected to as improper cross-examination. Sustained. Exception. Q. This street row down there was the creation of considerable trouble while you were mayor? A. Yes, sir. Q. And you vacated the street there at one time? A. Yes, sir. Mr. Paulson: Objected to as improper cross-examination. I didn't ask about it. The court: As I understand it, this witness is only for the purpose of proving reputation. Sustained. Mr. Anderbery: They went into the fact that he was mayor and did a mayor's work down there. The court: Objection sustained. Go ahead. Exception. Q. Isn't it a fact that the reputation of these two people and the trouble that they stirred up defeated you for renomination to the office of mayor? Mr. Paulson: Objected to as incompetent and improper cross-examination. Sustained. Exception. Q. Isn't it a fact that their reputation in this community is the only grief that you ever had during your eight years as mayor? Mr. Paulson: Objected to as incompetent and improper cross-examination. The court: I think you have gone about far enough along with that, Mr. Anderbery. Sustained. Exception."

J. P. Jurgenson testified on the part of defendant: "Q. You have been into this Copenhagen row some? A. Well, I have been, with the rest of them, trying to get Nance street open. Q. And Mrs. Long sued for forty-thousand—? Mr. Paulson: Now wait a minute. We object to that as incompetent, immaterial and a collateral issue. Sustained. Exception. Q. She didn't win her case? Mr. Paulson:

Now, wait a minute. We object to that as incompetent. The court: Yes; let's not try lawsuits that way, gentlemen. Mr. Anderbery: That is part of the Copenhagen row, your honor. Mr. Paulson: I ask now that counsel be instructed not to bring in these collateral issues for the purpose of discrediting our testimony. He is bound to get it before the jury, and I ask that the court admonish the jury not to consider this. He is doing it for a purpose. The court: Gentlemen of the jury, you want to regard only the evidence introduced before you. Statements of counsel or irrelevant questions, anything of that kind, do not constitute evidence, and you will not consider the same in arriving at your verdict."

Continuous reference was made to collateral matter that had no bearing on the issues in suit. The colloquy continued:

"Mr. Paulson: I object to the argument of counsel, saying that I represent Mr. Jurgenson in a forty-thousand dollar lawsuit. There has been no evidence of that. Counsel only has tried to get that stuff in to prejudice the jury, and I object to it as incompetent, irrelevant, immaterial and prejudicial. The court: Sustained. Now, gentlemen of the jury, you must pay no attention to anything said here outside of the record in this case and the evidence produced before you. Mr. Anderbery: What was said, was said in reply to Mr. Paulson's argument as to the reputation and standing of Mr. Jurgenson. I expected Mr. Paulson to get a little stirred up on that. The fact is, it is the truth. Mr. Paulson: Now wait, we object to that. The court: Mr. Anderbery, do not go outside of the record about what is true or what is not. The jury will determine about that."

In Iowa it has been held that, in a case where injury or prejudice follows the asking of improper questions or the making of improper statements in the presence of the jury, it is not necessary to show that objections were made to every improper question asked or statement made as an indispensable condition to the granting of a new trial. *Welch v. Union Central Life Ins. Co.*, 117 Ia. 394.

From time immemorial the Anglo-Saxon race has been firmly committed to the proposition that, when a jury is impaneled to try a law action, such jury is the sole trier of disputed questions of fact. It follows that it is highly improper for counsel to make remarks within the hearing of the jury, aside from the regular argument, which might tend to create a prejudice for or against either party litigant. The law contemplates a fair and impartial trial on the merits, and unfair conduct on the part of counsel having a tendency to prevent this invaluable right is deserving of rebuke.

The remarks of Sullivan, J., in an opinion written for the court almost thirty years ago, are in point: "In the performance of professional duties, counsel should endeavor always to conform their own conduct to the law which they have been commissioned to assist in administering." *Ashland Land & Live Stock Co. v. May*, 59 Neb. 735. In a like case, in an opinion by Redick, District Judge, this is said: "It is of greater importance that the administration of justice be regular and orderly, than that counsel be afforded an opportunity to exhibit their peculiar prowess in the use of questionable methods." *Hall v. Rice*, 117 Neb. 813.

Upon a review of the record, we conclude that, should another trial be had, the palpable errors herein pointed out will not be repeated. The judgment is therefore reversed and the cause is remanded for further proceedings in accordance with law.

REVERSED.