**INGERICK v. MESS.**

No. 187.

Circuit Court of Appeals, Second Circuit.

Feb. 14, 1933.

Brown & Zurett, of Rochester, N. Y., for defendant-appellant.

Levi Ginsburg, of Elmira, N. Y., for plaintiff-appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

A motion for a directed verdict for the defendant based on the ground that the plaintiff was a guest to whom no duty to provide safe tires was owed was overruled, and the exception then taken has been argued as one ground for reversal of the judgment. The position of the defendant in this respect rests upon the assumption that he did not know that the tires were dangerous. This is untenable on the evidence, and so we need not con-sider what duty the defendant would have owed his guest, for we agree that the plaintiff was his guest on this trip, had the dangerous condition of the tires been unknown to him. For the New York law as to that, see Higgins v. Mason, 255 N. Y. 104, 174 N. E. 77; Patnode v. Foote, 153 App. Div. 494, 138 N. Y. S. 221.

The defendant testified that he did know the condition of the rear tires, and, although he also testified that they were not tread-worn, the jury was not bound to accept his evidence in that regard, but could find that they were unsafe to his knowledge, since he professed to know their condition. As he testified that he knew that tires worn to the fabric were unsafe to use, he was placed by the evidence in the position of one who knowingly permitted his guest without warning to run the risk of injury because of a defect in the condition of the car which he knew made it unsafe and of which he knew the plaintiff was and would be ignorant. Whether this is called gross negligence or a failure to exercise what is sometimes said to be active care makes little difference. A more readily understood rule of conduct for like cases will be developed by approaching the subject from the standpoint of what a prudent, careful man would do when transporting a guest in an automobile whose condition he knows is unsafe for such use at customary speeds of operation. If the dictates of common prudence are not ignored, the host under such conditions either must keep to speed low enough to be safe in spite of the defect or must warn the guest of the known danger that the added risk may be assumed or declined. And, if they are ignored, the host is guilty of actionable negligence because he has failed to exercise the care that a prudent man with like knowledge of the actual conditions would exercise. Though no duty of inspection is owed to the guest to give room for the application of any rule of conduct required by imputed knowledge of defects, the host is bound to act carefully in the light of his actual knowledge of the condition of his car so as not to expose his guest to new or increased hazards of travel. Compare Clark v. Traver, 205 App. Div. 206, 200 N. Y. S. 52, affirmed 237 N. Y. 544, 143 N. E. 736; Hennig v. Booth et al., 132 A. 294, 4 N. J. Misc. 150; Higgins v. Mason, supra. As this defendant failed to warn the plaintiff, his motion for a directed verdict was properly denied. It was for the jury to say whether or not he was negligent in driving as he did in the light of all the circumstances known to him.

On the other hand, it is too well known that a speed of thirty miles an hour is not high enough to create such danger from a blow-out, provided tires are in good condition, as to charge the plaintiff with contributory negligence in riding at that speed without protest when she had no reason to think that the tires were unsafe.

In summing up to the jury, the attorney for the plaintiff seized the opportunity to say, "We have sued here merely for $5,000.00 for reasons which we cannot explain, which we are not permitted to explain"; and, after alluding to the injuries the plaintiff had sustained, urging the jury to award the full amount sued for, and stating that the actual damages sustained were "many thousand more," to say, in speaking of the defendant, that "while my friend has been shedding crocodile tears for John Mess, this nice boy here, we do not even want a button off his vest." The defendant immediately moved for a mistrial, but his motion was denied. Plainly these remarks had but one purpose. That was to convey to the jury the information that a verdict for the entire ad damnum would be for no more than the amount of the insurance carried by the defendant, and so would not harm him even to the extent of a button off his vest. Insurance had nothing whatever to do with the merits of the controversy or with any issues before the jury. We have very recently had occasion to consider the prejudicial effect in such a trial as this of injecting the false issue of insurance. Brown v. Walter, 62 F.(2d) 798, decided January 16, 1933. No more need now be said on that subject to point out the error. See Hordern v. Salvation Army, 124 App. Div. 674, 109 N. Y. S. 131; Loughlin v. Brassil, 187 N. Y. 128, 79 N. E. 854–857.

Judgment reversed.