EDWARD E. SANDOMIERSKI, APPELLEE, V. VIRGIL J. FIXEMER, APPELLANT.

81 N. W. 2d 142

Filed February 8, 1957. No. 34071.

*Chambers, Holland, Groth, Dudgeon & Hastings,* and *Robert B. Waring,* for appellant.

*Doyle, Morrison & Doyle,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action to recover for personal injuries and property damage resulting from a collision between plaintiff's automobile and defendant's truck. The jury returned a verdict for plaintiff for $7,500 and judgment was entered thereon. The defendant has appealed.

The petition of the plaintiff alleges that the defendant carelessly and negligently drove his truck off of the traveled portion of the highway and into the rear end of plaintiff's automobile temporarily stopped on the shoulder of the road, thereby damaging plaintiff's automobile and inflicting serious injuries upon the plaintiff. The defendant by his answer admitted negligence on his part and requested that a hearing be had to determine the amount of damages to be assessed against him. The case was tried to determine the amount of damages only.

The defendant assigns as error the misconduct of counsel in his closing argument to the jury and the excessiveness of the verdict.

The record shows that at the close of the arguments made to the jury, and before the jury was instructed

and the case submitted, counsel for the defendant moved for a mistrial because of improper and prejudicial statements made to the jury in plaintiff's closing argument. The record shows that the arguments of counsel were not taken by the court reporter. No objection was made to the improper statements during the argument. At the close of the argument, however, the reporter was called and the alleged improper and prejudicial statements were dictated into the record. The record shows that the trial judge was present during the whole of the argument to the jury. That the alleged statements were made as dictated into the record is not challenged.

The record shows that during the plaintiff's closing argument to the jury his counsel stated: "He (defendant) isn't even interested enough in this lawsuit to sit at the counsel table." Counsel also stated: "* * * also, it is no concern who pays the judgment." He further stated: "It's easy for Bob Waring to go cruising through life in his Cadillac." The motion of the defendant for a mistrial because of the misconduct of counsel was overruled by the trial court.

The plaintiff contends that the objection was not timely made. The rule as announced by this court is that where it is claimed that an attorney is guilty of misconduct in arguing a case to a jury, and it is desired to raise a question on that point for decision in the Supreme Court, it is necessary that objection be made to the trial court at the time and an adverse ruling had thereon, and that the same be made a part of the record by a proper bill of exceptions. Thornton v. Davis, 113 Neb. 529, 204 N. W. 69; Hamblin v. State, 81 Neb. 148, 115 N. W. 850. Alleged misconduct of counsel in argument to a jury cannot be properly shown by affidavit or evidence taken in support of a motion for a new trial, and to preserve such error the statements must be taken by the official court reporter at the trial, together with the objections made thereto and the court's ruling thereon. This is on the theory that one may not com-

plain of the misconduct of counsel if, with the knowledge of such misconduct, he does not ask for a mistrial but consents to take the chances of a favorable verdict. In re Estate of Inda, 146 Neb. 179, 19 N. W. 2d 37; In re Estate of House, 145 Neb. 670, 17 N. W. 2d 883.

Whether or not an objection to the remarks of counsel made in his argument to the jury may properly be made at the close of the argument, or whether it must be done at the very time they are made, does not appear to have been decided previously by this court. We think that, for several reasons, such objection may properly be made at the close of the argument. Our previous decisions indicate that the submission of the case to the jury without objection to such misconduct, and counsel's evident willingness to take his chances on a favorable verdict, constitute a waiver of the misconduct. His objection at the close of the argument and before submission to the jury is in no sense a waiver on any such basis. It could well be that any one improper statement would not constitute prejudicial error, while the cumulative effect of several would give rise to a claim of prejudice. Continued objections by counsel to prejudicial statements of opposing counsel in his argument to the jury could place the former in a less favorable position with the jury, and thus impose an unfortunate consequence upon his client which was actually caused by the wrongful conduct of opposing counsel. This he is not required to do. Attorneys engaged in the trial of cases to a jury know or ought to know the purposes of arguments to juries. When they depart from the legitimate purpose of properly presenting the evidence and the conclusions to be drawn therefrom, they must assume the responsibility for such improper conduct. They are in no position to demand that opposing counsel shall jeopardize his position with the jury by constant objections to their improper conduct. The objection to the remarks of counsel as misconduct was timely made. In Bratt v. Smith, 180 Or. 50, 175 P. 2d

444, the court said: "At the conclusion of the argument of counsel for plaintiff and prior to the giving of the instructions of the court, the defendants on the following morning moved for a mistrial. The trial court apparently was of the opinion that the motion for a mistrial was not timely, but in this conclusion we think it erred. We think the motion was timely." See, also, Weber v. McCarthy, 214 Minn. 76, 7 N. W. 2d 681; 88 C. J. S., Trial, § 196d, p. 387.

It is contended further by the plaintiff that misconduct of counsel may not be properly raised unless the court reporter takes the complete argument. The purpose of the rule that the offending statements shall be taken by the court reporter is that the trial judge shall have an opportunity to make an accurate record before ruling upon the objection and have the same included in the bill of exceptions. The failure of the court reporter to take the oral arguments does not relieve attorneys from the necessity of making proper arguments, nor deprive opposing counsel of the right to make timely objections thereto. It is the duty of the trial court to see to it that oral arguments are properly confined to their purposes, and where objection thereto is made, to see that an accurate record is made for the purpose of making a correct ruling and providing a proper basis for review on appeal. The trial court properly protected the record in the instant case.

The only question at issue in the present case was the amount of the damages. There was no reason whatever for the statements made by counsel to which objection was made, other than to convey the impression to the jury that the defendant had no interest in the case and that someone other than the defendant would pay any judgment entered. This court has repeatedly condemned this sort of argument as prejudicial to the rights of a defendant. The only purpose of the objectionable statements in the present case was to advise the jury that the defendant was indemnified in some manner and

thereby to invite a larger verdict than would otherwise be obtained. We are not able to determine what influence the improper argument had upon the jury, but it was calculated to distract its attention from the real issues and to induce a larger verdict by bringing out matters not proper to be considered. When such is the effect, irrespective of the manner in which it is done or the ingenuity of counsel in avoiding applicable rules, it is. error which, if properly preserved, may vitiate the verdict.

In Chicago, B. & Q. R. R. Co. v. Kellogg, 54 Neb. 127, 74 N. W. 454, this court said: "These cases establish that a lawyer charged with the conduct of a case is invested with certain rights and charged with certain duties. It is his duty to use all honorable means to protect his client's interests; and in argument, within the limits of the evidence and the legitimate deductions and inferences to be drawn therefrom, he may not be limited, but may comment on the conduct and credibility of witnesses and parties to the suit. On the other hand, he must act honorably and fairly with the court, opposing counsel, the jury, and the parties to the litigation. But he may not, in his conduct of the case or in his argument to the jury, go outside the record, the evidence and the legitimate inferences deducible therefrom, and ask questions, make statements or arguments for the purpose of misleading and prejudicing the jury; and if he does so, such misconduct, if properly preserved in the record and assigned here, will cause a reversal of the judgment procured."

In Bergendahl v. Rabeler, 131 Neb. 538, 268 N. W. 459, this court had occasion to say: "Complaint is made by the defendant of remarks of counsel for plaintiff in his closing argument to the jury. In that argument counsel for plaintiff said in part: 'I don't want to punish the defendant. A verdict for this girl will not punish him.' This statement, when considered with prior questions and statement of counsel relative to insurance,

could only be construed by the jury as an assurance that some insurance company would pay the amount of the verdict. In its opinion in the case of Standridge v. Martin, 203 Ala. 486, 84 So. 266, the supreme court said, in part: 'There can scarcely be made to a jury a more seductive and insidious suggestion than that a verdict for damages against the defendant before them will be visited, not upon that defendant, but upon some invisible corporation whose business it is to stand for and pay such damages. Such a suggestion, once lodged in the minds of the jury, is almost certain to stick in their consciousness, and to have its effect upon their verdict, regardless of any theoretical exclusion of it by the trial judge.' "

Other cases sustaining this view are: McCornack v. Pickerell, 225 Ia. 1076, 283 N. W. 899; Walden v. Jones, 289 Ky. 395, 158 S. W. 2d 609, 141 A. L. R. 105; Ingerick v. Mess, 63 F. 2d 233.

With reference to the statement "It's easy for Bob Waring to go cruising through life in his Cadillac," it could well be said that prejudicial error did not result under the circumstances of the record before us. But such a reference to an opposing counsel is highly improper and should not be tolerated by the trial judge. While we may be unable to determine the purpose of such a statement in an argument to a jury, we must assume that it was intended to aid the cause of the party on whose behalf it was made. It had nothing whatever to do with the fixing of the amount of damages to be assessed against the defendant. The statement was improper and the trial court should have taken the necessary steps, particularly after objection was made thereto, to correct the error and avoid the probability of any further statements of similar character.

In Ashland Land & Live-Stock Co. v. May, 59 Neb. 735, 82 N. W. 10, this court said: "We have little patience with counsel who deliberately seek to achieve

success by lawless methods; and we do not hesitate, in any case, to deprive them of advantages thus obtained. In the performance of professional duties, counsel should endeavor always to conform their own conduct to the law which they have been commissioned to assist in administering." And in Hall v. Rice, 117 Neb. 813, 223 N. W. 4, 78 A. L. R. 1421, this court after quoting the preceding quotation said: "In the trial of every contested lawsuit, there is abundance of opportunity, growing out of the material facts and circumstances of the case, for the display of extraordinary talent and the exercise of adroitness and finesse without resort to illegitimate methods tending only to arouse the passion and prejudice of the jury. It is of greater importance that the administration of justice be regular and orderly, than that counsel be afforded an opportunity to exhibit their peculiar prowess in the use of questionable methods."

The plaintiff argues that counsel for the defendant went outside the record in their arguments. No objections were made to the argument of the defendant and no record of any such statements appears in this record. It is asserted that the improper statements were retaliatory, but there is nothing in the record to show this to be the fact. The record shows that the trial court overruled defendant's objection to the improper argument of plaintiff's counsel. Consequently, the offending attorney was not reprimanded, the jury was not admonished, nor were other steps taken to secure a fair trial on the issues and evidence before the court. We think the arguments of counsel to which objection was made constitute such misconduct as to require a reversal of the judgment.

We do not pass upon the question of the excessiveness of the verdict. If the verdict is excessive under the evidence, we must assume that it was the result of the misconduct of counsel herein pointed out. It is a situation that is not likely to occur on a retrial of the

case, and for that reason we shall not consider the alleged excessiveness of the verdict on the present appeal.

The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

CHAPPELL, J., participating on briefs.